# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Acosta,<br><br>　　　　　　Movant,<br><br>v.<br><br>United States of America,<br><br>　　　　　　Respondent. | No. CV 17-00765 PHX RCC (CDB)<br>No. CR 05-01319 PHX RCC<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE RANER C. COLLINS:**

On March 10, 2017, Movant Andrew Acosta docketed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civil Docket "CV" ECF No. 1). Acosta asserts a prior state conviction was improperly used to designate him as a career offender and enhance his sentence on his federal conviction for bank robbery. Movant was appointed counsel in this matter on June 8, 2017, (Criminal Docket "CR" ECF No. 169), but counsel was granted leave to withdraw on August 18, 2017. (CV ECF No. 7). Respondent filed a Motion to Dismiss on November 2, 2018 (CV ECF No. 17), to which Acosta has responded. (CV ECF No. 19).

### I.　Background

A grand jury indictment returned December 13, 2005, charged Acosta with one count of bank robbery on August 16, 2002, in violation of 18 U.S.C. § 2113(a) (Count One), and one count of bank robbery by aiding and abetting on August 28, 2002, in

violation of 18 U.S.C. §§ 1 and 2113(a) (Count Two).[1] (CR ECF No. 1). A jury found Acosta guilty as charged on January 11, 2008. (CR ECF No. 99).

A Presentence Investigation Report ("PSR") was prepared. The PSR determined Acosta was a "career offender" pursuant to U.S.S.G. §4B1.1 because of his prior state conviction for conspiracy to traffic narcotic drugs and a prior federal conviction for extortion.[2] (CV ECF No. 17 at 3; ECF No. 17-1). The PSR calculated a Base Offense Level of 25, which was increased by seven levels pursuant to the designation of Acosta as a career offender. (CV ECF No. 17-1 at 27). Based on an adjusted offense level of 32 and a Criminal History Category of VI, the PSR calculated a guideline sentencing range of 210 to 262 months imprisonment. (CV ECF No. 17-1 at 27).

Acosta, through counsel, objected to the finding that he was a career offender, asserting his state court conviction did not constitute a "controlled substance offense." (CV ECF No. 17-1 at 13-14). At the sentencing hearing defense counsel asserted the documentation of the state crime did not specify the specific drug or quantity of drugs involved in the conspiracy. (CV ECF No. 17-1 at 13-14). Accordingly, counsel argued, the evidence of the crime was "too vague" to sustain the finding that Acosta had committed a controlled substance offense. (CV ECF No. 17-1 at 14). In response the Government asserted: "[Acosta] pled to that conspiracy. The conspiracy was to sell drugs. Mr. Acosta knew and the [state] Court knew that he had sold cocaine, crack cocaine to an undercover agent and he admitted it." (CV ECF No. 17-1 at 17).

---

[1] The bank robberies occurred at the same bank on different days. *See*, *e.g.*, *Acosta v. Langford*, 2018 WL 942201, at *2 (C.D. Cal. 2018). Acosta was indicted in this matter while serving a sentence for bank robbery imposed in 2:03-CR-00075. *See id.*, 2018 WL 942201, at *1.

[2] Section 4B1.1 of the Sentencing Guidelines classifies as defendant as a "career offender" if the crime of conviction is a felony that is either a "crime of violence" or a "controlled substance offense" and the defendant "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." In 1992, pursuant to a guilty plea, Acosta was convicted by the Maricopa County Superior Court on one count of conspiracy to sell a narcotic drug, in violation of Arizona Revised Statutes Annotated § 13-3408, and sentenced to a term of seven years imprisonment. (ECF No. 17-1 at 23-24).

At the conclusion of a sentencing hearing the presiding judge, Judge Murguia, overruled Acosta's objections to the PSR. (CV ECF No. 17-1 at 23-26). The judge concluded the state court conviction was a "controlled substance offense" as that term was defined under U.S.S.G. § 4B1.2. (CV ECF No. 17-1 at 25). On June 20, 2008, Acosta was sentenced to a term of 96 months imprisonment on Count One, to be served consecutively to the term of imprisonment imposed in 2:03-CR-00075. (ECF No. 129). He was further sentenced to a term of 210 months imprisonment on Count Two, also to be served consecutively to the term of imprisonment imposed in 2:03-CR-00075. (*Id.*).[3]

Acosta appealed, arguing, *inter alia*, he was improperly sentenced as a career offender.[4] The Ninth Circuit Court of Appeals denied relief, concluding: "The sentencing colloquy and the record of conviction of the 1992 Arizona drug offense show that Acosta pleaded to conspiracy to sell narcotic drugs. This is a controlled substance offense." *United States v. Acosta*, 330 F. App'x 632, 634 (9th Cir. 2009), *citing United States v. Hernandez-Valdovinos*, 352 F.3d 1243, 1247-48 (9th Cir. 2003). The Supreme Court denied a writ of certiorari on October 5, 2009. *See Acosta v. United States*, 558 U.S. 920 (2009).[5]

---

[3] Judge Carroll was the presiding judge in 2:03-CR-00075. On September 4, 2003, the jury in 2:03-CR-00075 found Acosta guilty of bank robbery by aiding and abetting; the crime of conviction occurred in December of 2002. Acosta was not sentenced in that matter until April 13, 2005, when the Court imposed a sentence of 210 months imprisonment. Acosta appealed and the Ninth Circuit Court of Appeals denied relief on June 14, 2006. *See United States v. Acosta*, 185 F. App'x 590, 2006 WL 1722545 (9th Cir. 2006). Acosta filed a § 2255 action in that matter in 2007 and relief was denied by Judge Snow on December 23, 2008. *See United States v. Acosta*, 2008 WL 5381599 (D. Ariz. 2008). Acosta filed a second § 2255 action in 2016, alleging he was entitled to relief pursuant to the holding in *Johnson v. United States*, and relief was denied by Judge Snow on April 2, 2018.

[4] Acosta also asserted ordering his sentence to run partially concurrent to and partially consecutive with the undischarged term of imprisonment in 2:03 CR 00075 was an abuse of the trial court's discretion; the Ninth Circuit denied relief on the merits of this claim. *United States v. Acosta*, 330 F. App'x 632, 633 (9th Cir. 2009).

[5] In 2016, the Court issued an amended judgment to clarify Acosta's sentence on Count One be served consecutively to the term of imprisonment imposed on Count Two. (CR ECF No. 163).

Acosta filed the instant § 2255 motion on March 7, 2017. (ECF No. 167 at 4). He notes he was deemed a career offender and his sentence was enhanced based on his prior federal conviction for extortion in 2:98-CR-00894 and his 1992 state court conviction for conspiracy to sell narcotic drugs. (CV ECF No. 1 at 3).[6] Acosta asserts he is entitled to relief based on the Supreme Court's ruling in *United States v. Mathis*, 136 S. Ct. 2243 (2016), and the Ninth Circuit's unpublished decision in *United States v. Sanchez-Fernandez*, 669 F. App'x 415 (9th Cir. 2016). Acosta argues that, subsequent to *Mathis*, a defendant's prior conviction for possession of narcotics for sale in violation of Arizona Revised Statutes § 13-3408 does not constitute a "drug trafficking offense." (CV ECF No. 1 at 3-4). Respondent contends the motion must be dismissed because it is not timely and because Acosta is prohibited from relitigating the issue of his career offender designation. (CV ECF No. 17 at 2).

**II.   Analysis**

Section 2255 provides that a "1-year period of limitation shall apply to a motion under this section," which

> shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

---

[6] In that matter Acosta pleaded guilty to one count of extortion, "an incidental offense of bank robbery," in violation of 18 U.S.C. § 2113(a), and on July 12, 1999, he was sentenced to a term of 42 months imprisonment and 36 months of supervised release. A petition to revoke his supervised release was docketed on September 12, 2002, and his supervised release in the 1998 case was revoked on October 30, 2002.

Acosta's conviction and sentence became final and the one-year statute of limitations on his § 2255 action began to run on October 5, 2009, when the Supreme Court denied his petition for writ of certiorari. Accordingly, the statute of limitations expired on October 5, 2010. Acosta filed the instant § 2255 motion on March 10, 2017, more than six years after the statute of limitations expired and, therefore, the § 2255 motion is untimely under 28 U.S.C. § 2255(f)(1).

Acosta does not assert his motion is timely pursuant to § 2255(f)(2) or § 2255(f)(4). Nor is the motion timely pursuant to § 2255(f)(3). Subsection 2255(f)(3) authorizes the filing of a § 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See United States v. Blackstone*, 903 F.3d 1020, 1023 (9th Cir. 2018). Acosta's allegation that he is entitled to relief pursuant to the United States Supreme Court's decision in *Mathis*, issued June 23, 2016, is without merit because the *Mathis* opinion did not set forth a newly recognized right made retroactive to cases on collateral review. *See Arazola-Galea v. United States*, 876 F.3d 1257, 1259-60 (9th Cir. 2017) (collecting cases from the Second, Fifth, Sixth, Seventh, and Eleventh Circuit Courts of Appeal and joining in the holding of those courts: "We now join our sister circuits in definitively holding that *Mathis* did not establish a new rule of constitutional law . . . Mathis did not break new ground, did not impose a new obligation, and did not expressly overrule a prior decision."). The Supreme Court noted that its holding in *Mathis* was governed by decisions it had handed down "[f]or more than 25 years." *Mathis*, 136 S. Ct. at 2247, 2257. The United States Circuit Courts of Appeal have uniformly held *Mathis* did not set forth a "new" rule of constitutional law retroactively applicable to cases on collateral review. *See Arazola-Galea*, 876 F.3d at 1259; *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017); *Washington v. United States*, 868 F.3d 64, 66 (2nd Cir. 2017); *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Furthermore, the Circuit Courts of Appeal have uniformly held *Mathis* did not

create a "right newly recognized by the Supreme Court." *United States v. Acosta*, 738 F. App'x 978, 979 (10th Cir. 2018); *Jones v. United States*, 2018 WL 6718615, at *2 (6th Cir. 2018); *Boatwright v. Warden Fairton FCI*, 742 F. App'x 701, 703 (3rd Cir. 2018); *Dimott v. United States*, 881 F.3d 232, 237 (1st Cir.), *cert. denied*, 138 S. Ct. 2678 (2018).

Acosta asserts he is entitled to relief based on the Ninth Circuit Court of Appeals' decision in *United States v. Sanchez-Fernandez*, 669 F. App'x 415 (2016). The undersigned notes *Sanchez-Fernandez* is an unpublished case which is therefore not to be cited as precedent.[7] Additionally, *Sanchez-Fernandez* was before the Ninth Circuit on direct appeal rather than on a collateral attack and, therefore, the Ninth Circuit was not presented with a statute of limitations issue or whether *Mathis* announced a new rule of constitutional law or could be applied retroactively. *Sanchez-Fernandez* is also distinguishable from the instant matter because, in that case, the defendant's offense level was increased pursuant to U.S.S.G. §2L1.2(b)(1)(A)(i), which is applicable when the defendant has a prior conviction for a "drug trafficking offense" rather than a "controlled substance offense."

> *To qualify as a drug trafficking offense under the guidelines, the offense must involve a substance listed in the Controlled Substances Act*, 21 U.S.C. § 801 et seq., *see United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012), and involve the violation of a law which "prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. §2L1.2 cmt. n.1(B)(iv).

*United States v. Martinez-Lopez*, 864 F.3d 1034, 1037 (9th Cir.) (emphasis added), *cert. denied*, 138 S. Ct. 523 (2017). The opinion in *Sanchez-Fernandez* was predicated on the fact that the "Arizona statute is not a categorical match *with the federal generic definition*

---

[7] The undersigned also notes, however, that in an unpublished opinion the Ninth Circuit applied the reasoning of *Sanchez-Fernandez* to award relief in a case on appeal from a decision of the Board of Immigration Appeals denying relief from removal wherein the defendant was convicted of violating Arizona Revised Statutes Annotated § 13-3408. *See Madrid-Farfan v. Sessions*, 729 F. App'x 621, 621-22 (9th Cir. 2018). At this point in time the Government apparently concedes that, for purposes of U.S.S.G. §2L1.2(b)(1)(A)(i), § 13-3408 is overbroad because it prohibits criminal possession of substances which are not on the Federal Controlled Substance Schedule. *See Vera-Valdevinos v. Lynch*, 649 F. App'x 597, 598 (9th Cir. 2016).

because it criminalizes possession for sale of certain substances that are not federally controlled." 669 F. App'x at 415. Additionally, §2L1.2(b)(1)(A)(i) is applicable only to defendants convicted of violating 8 U.S.C. § 1326, prohibiting unauthorized reentry after removal. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1165 (9th Cir. 2014) ("Sentencing Guideline §2L1.2(b)(1)(A) directs the sentencing court to increase the offense level by 16 if the defendant was removed after 'a conviction for a felony that is [] a drug trafficking offense for which the sentence imposed exceeded 13 months.'").

In contrast, Acosta's offense level was increased based on U.S.S.G. §4B1.1, the "career offender" guideline, applicable to those convicted of a "crime of violence" or a "controlled substance offense." For purposes of §4B1.1 of the Sentencing Guidelines in effect at the time the instant federal crime occurred, i.e., the 2001 Guidelines in effect on November 1, 2001, the term "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. §4B1.2(b). Notably, U.S.S.G. §4B1.2(b) does not include the language utilized by U.S.S.G. §2L1.2(b)(1)(A)(i), i.e., that the predicate offense must involve a substance listed in the Controlled Substances Act.

### III. Conclusion

Acosta's § 2255 motion was not filed within the applicable one-year statute of limitations. Because the United States Supreme Court's decision in *Mathis* is not applicable to Acosta, he may not invoke *Mathis* to render his motion timely.

**IT IS THEREFORE RECOMMENDED that** Acosta's Motion to Vacate, Set Aside, or Correct Sentence (CV ECF No. 1) be **DENIED**.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 29th day of April, 2019.

_____
Camille D. Bibles
United States Magistrate Judge